# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marco Concrete Lifting, Inc.,**
**Defendant Below, Petitioner**

**vs) No. 16-0486** (Cabell County 15-CAP-15)

**John P. Smith,**
**Plaintiff Below, Respondent**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Marco Concrete Lifting, Inc., by counsel Robert H. Sweeney Jr., appeals the Circuit Court of Cabell County's April 7, 2016, order upholding the magistrate court's decision in respondent's favor. Pro se respondent John P. Smith filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in upholding the magistrate court's ruling because it did not breach the subject contract by failing to provide repairs under the warranty.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties entered into a contract in October of 2009 whereby petitioner was hired to stabilize part of respondent's home, including an exterior garage wall. According to the contract, petitioner was to achieve stabilization of this wall through the installation of five anchors for a price of $8,000. It is undisputed that the contract used the term "stabilize" or "stabilization" in three separate instances, including the express statement that "[t]he primary objective of Marco Concrete Lifting is to stabilize the foundation." Furthermore, at no point in the contract did the parties indicate that the stabilization agreed upon would protect against vertical movement, as opposed to lateral movement. The contract additionally contained a ten-year warranty. Respondent paid $7,800 of the $8,000 contract price, but withheld the remaining $200 due to increased water and electric bills received during the construction period. According to respondent's testimony, he spoke with one of petitioner's employees about withholding this money and the employee approved the same. Almost two years later, respondent still experienced problems with cracks in the wall and floor of his garage, among other problems. According to testimony below, the issues with petitioner's garage stemmed from lateral movement of the foundation, as opposed to the vertical movement observed when the parties signed the contract in 2009. However, the 2009 contract, drafted by petitioner, contained no distinction between vertical and lateral movement. Respondent contacted petitioner and

1

requested additional work to correct these issues. Petitioner declined to perform any additional work, and respondent contracted with another entity to perform the necessary repairs.

Thereafter, respondent filed a complaint in magistrate court to recover the damages incurred by hiring another party to fix continued issues with movement in his garage. The magistrate court awarded respondent $5,000 on October 6, 2015. Thereafter, petitioner appealed to the circuit court, which held a bench trial on March 2, 2016. Ultimately, by order entered on April 7, 2016, the circuit court upheld the magistrate court's decision. It is from this order that petitioner appeals.

We have previously held that

> "[i]n reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

Syl. Pt. 1, *Beverly v. Thompson*, 229 W.Va. 684, 735 S.E.2d 559 (2012). Upon our review, we find no error below.

On appeal to this Court, petitioner argues that the circuit court erred in ruling in respondent's favor because the contract was clear and unambiguous as to the conditions being corrected and the warranty did not apply due to respondent's failure to pay the full contract price. We do not agree. The record in this matter is clear that, in 2009, the parties contracted to correct issues with petitioner's garage by stabilizing the foundation and wall against movement. Specifically, the contract indicated that petitioner would "[i]nstall (5) Magnum steel helicals driven to bedrock or supporting strata *to stabilize*." (emphasis added). As the circuit court correctly found, the contract makes no mention of vertical or lateral movement in the garage. Moreover, as the circuit court correctly found, petitioner's work did not correct the problems with respondent's garage, as evidenced by continued issues with the foundation and wall in the garage that required respondent to hire a third party to correct the problems.

We have held that

> "[a] valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syllabus Point 1, *Cotiga Development Co. v. United Fuel Gas Co.*, 147 W.Va. 484, 128 S.E.2d 626 (1962).

Syl. Pt. 3, *Estate of Tawney v. Columbia Nat. Res., L.L.C.*, 219 W.Va. 266, 633 S.E.2d 22 (2006). Upon our review, it is clear that the contract in question was unambiguous that petitioner would take measures to stabilize respondent's garage. Because the contract in question did not

specify that petitioner would stabilize the garage against vertical movement only, we find no error in the circuit court's ruling that the contract covered the additional lateral movement as well. The issues that respondent continued to experience in the garage, including cracking and movement, were clearly within the scope of the contract at issue. For these reasons, we find no error in the circuit court finding that petitioner was required to correct these issues under the specific terms of the contract.

Finally, we find no error in the circuit court's finding that the warranty at issue required petitioner to correct these issues. On appeal, petitioner argues that respondent's failure to pay the outstanding $200 due under the contract voided the warranty. We do not agree. Petitioner is correct that the contract contained the following language: "[i]f payment to [petitioner] is not received as and when required by this contract, all guarantees and warranties will be void." However, the circuit court specifically found that respondent provided testimony regarding an agreement to forego the additional $200 payment due to respondent's significantly increased water and electric bills during the period petitioner performed the work under the contract. According to respondent, he spoke with one of petitioner's employees, Andy Garrett, who approved respondent withholding the additional $200. Respondent offered testimony from its president, Ross Kirk, who stated that Mr. Garrett did not have the authority to accept this non-payment. However, evidence established that Mr. Garrett previously accepted petitioner's checks for payment on two occasions. Accordingly, the circuit court found that Mr. Garrett "at the least had apparent authority to make this representation and [respondent] had the right to rely on it." We agree.

In addressing modifications to contracts, we have held as follows:

> "The burden of proving an oral modification of a written contract is on the party seeking to establish such modification, and such party must demonstrate by clear and positive evidence that the minds of the parties definitely met on the alteration." Syl. pt. 4, *Bischoff v. Francesa*, 133 W.Va. 474, 56 S.E.2d 865 (1949).

Syl. Pt. 5, *Troy Min. Corp. v. Itmann Coal Co.*, 176 W.Va. 599, 346 S.E.2d 749 (1986). Moreover, we have previously held that

> "[o]ne who by his acts or conduct has permitted another to act apparently or ostensibly as his agent, to the injury of a third person who has dealt with the apparent or ostensible agent in good faith and in the exercise of reasonable prudence, is estopped to deny the agency relationship." Syl. Pt. 1, *General Electric Credit Corporation v. Fields*, 148 W.Va. 176, 133 S.E.2d 780 (1963).

Syl. Pt. 3, *Messer v. Huntington Anesthesia Group, Inc.*, 222 W.Va. 410, 664 S.E.2d 751 (2008). Here, there was clearly a meeting of the minds as to the modification regarding the final $200 payment, as petitioner's employee permitted respondent to withhold the same and indicated that petitioner considered payment in full received. This same employee handled payment matters on behalf of petitioner on two prior occasions during interactions with respondent, thereby establishing his apparent authority to act as petitioner's agent. Thereafter, petitioner never took

any steps to collect the remaining $200 from respondent. As such, it would be disingenuous for petitioner to now void the warranty by relying on the nonpayment when its agent permitted respondent to pay less than the contract price. For these reasons, we find no error in the circuit court's decision.

For the foregoing reasons, the circuit court's April 7, 2016, order granting respondents' motion to dismiss is hereby affirmed.

Affirmed.

**ISSUED**:  April 10, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker